IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMANUAL DELEON FIELDS | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-357-K (BT) |
| | § | |
| LORIE DAVIS, *Director* TDCJ, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). For the following reasons, the motion should be construed as a petition under 28 U.S.C. § 2254 and transferred to the Fifth Circuit Court of Appeals as successive.

Petitioner was convicted of three aggravated robberies and sentenced to 60 years confinement. His convictions and sentences were affirmed on direct appeal. *Fields v. State*, Nos. 05-02-01665-CR, 05-02-01666-CR & 05-02-01667-CR,

2004 WL 60765 (Tex. App.--Dallas, Jan. 14, 2004, pet. ref'd). Petitioner also filed separate applications for state post-conviction relief with respect to each conviction. The applications were denied without written order. *Ex parte Fields*, Nos. 61,187-02, 61,187-03 & 61,187-04 (Tex. Crim. App. Jan. 11, 2006).

On February 7, 2006, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Fields v. Quarterman*, 3:06-cv-236-N (N.D. Tex.). On May 16, 2007, the district court denied the petition on the merits. Petitioner later filed two other § 2254 petitions that were transferred to the Fifth Circuit Court of Appeals as successive. *See Fields v. Quarterman*, No. 3:13-cv-3418-N (N.D. Tex. May 7, 2015); *Fields v. Davis*, No. 17-cv-3316-G (N.D. Tex. Jan. 2, 2018).

On February 5, 2018, Petitioner filed the instant Rule 60(b) motion. By his motion, Petitioner argues that his convictions are unlawful because the prosecutor violated *Batson v. Kentucky*, 476 U.S. 79 (1986).

II.

Although Petitioner filed this petition as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion challenges his convictions and is properly construed as a second or successive petition under 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (stating a Rule 60(b) motion that challenges a petitioner's conviction or sentence, rather than defects in the federal habeas corpus proceeding, is treated as a habeas corpus petition).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive

motion for post-conviction relief.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  See 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  See 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before filing another petition for habeas relief under § 2254.

### III.

Petitioner's Rule 60(b) motion should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and the petition should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed June 12, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).